STATE OF IOWA v. FRED SEARS, Appellant.

Fish: POWERS OF WARDEN: *Construction of statutes.* Under Code, section 2546, providing that the state fish and game warden may take from any of the public waters of the state, at any time and in any manner any fish, for the purpose of propagating or restocking other waters, such warden has no authority to take, or to empower others to take, fish from such waters for private ponds, as "other waters," as used, is limited to other public waters.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

TUESDAY, OCTOBER 22, 1901.

THE defendant was accused and convicted in justice court of catching 10 young pickerel with a seine from Wall Lake. Upon appeal to the district court it was admitted that the fish were caught in the manner alleged, but by virtue of the following permit, signed by the state fish and game warden: "By the power invested in me as fish and game warden of the state of Iowa, I hereby grant Mr. Fred Sears the privilege of drawing a seine in the public waters of the state for the purpose of seining some young game fish for his pond, and no other purpose whatever. This permit to expire November 15, 1898. George E. Delevan." This was adjudged to be in excess of that officer's authority, and to afford no protection. The defendant appeals from a judgment imposing the statutory penalties.—*Affirmed.*

*Hastings & Brasted* and *Will E. Johnston* for appellant.

*Miles W. Newby* for appellee.

LADD, J.—Unless the fish and game warden of the state had authority to permit citizens to take fish from public water with a seine to stock private ponds, the defendant was properly convicted. By section 2546 of the Code, "The warden may take from any of the public waters of the state, at any time and in any manner, any fish for the purpose of propagating or restocking other waters, or exchanging with fish comissioners of other states or of the United States." The accepted canons of construction limit the words "other waters" to the kind previously mentioned; i. e. public waters. Some of a designated class having been spoken of, "others" must be presumed to have reference to those of the like kind. But a different construction is said to have been given this statute in usage for many years. An examination of the record does not sustain this claim. The particular provision first appeared in chapter 34 of the Acts of the Twenty-third General Assembly, reading, "It shall be lawful for the state fish commissioner to take from any of the public waters in any manner any fish for the purpose of propagation or restocking other waters." Up to that time the removal of fish from some of the streams and lakes of the state to restock others was not contemplated by any of the legislation on the subject. Thus the object stated in chapter 50 of the Acts of the Fifteenth General Assembly was "to forward the restoration of fish to the rivers and waters of this state." Chapter 70 of the Acts of the Sixteenth General Assembly directed the distribution of the fish produced in the hatchery only. By chapter 80 of the Acts of the Seventeenth General Assembly it was made the duty of the fish commissioner "to forward the restoration of fish to the rivers and waters of the state and to stock the same with fish from said hatching house and elsewhere." "Elsewhere," as here used, cannot have meant from the very rivers and waters proposed to be restocked. Certainly no authority has ever been given to this officer to remove fish from the very waters it was his

duty to restock, and give to private parties. Nor is there any showing that such has ever been the practice of the fish commissioner. Whether he may distribute fry from the hatchery to owners of private ponds is a different question, and not now before us. It may be remarked, however, that his authority to do this under the present Code is at least doubtful. The fish and game warden having no authority himself to take fish from the public waters for private ponds, he could not empower the defendant to do so. The information, in charging the acts of defendant to have been unlawful, negatived the suggestion that he may have been taking the fish for some lawful purpose.—AFFIRMED.